IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.                                            Criminal No.: 16-051-JKB

ANTOINE WASHINGTON
_____/

## MOTION TO DISMISS MULTIPLICITOUS INDICTMENT

Pursuant to the Fifth Amendment of the United States Constitution and Federal Rule of Criminal Procedure 12(b)(3), the Defendant, Antoine Washington, respectfully requests that the Court require the government to dismiss at least one of the charges pending against him because the two charges in the indictment are multiplicitous and consequently violate the Fifth Amendment's prohibition against double jeopardy. In support of this motion, Mr. Washington respectfully states:

1. On February 17, 2016, a grand jury returned a two-count indictment against Mr. Washington (ECF 1). Count 1 of the indictment alleges that Mr. Washington distributed heroin on December 27, 2011, and that death resulted from the use of the heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Because Count 1 alleges that death resulted from the use of the heroin distributed, it carries a 20-year mandatory minimum prison sentence. Count 2 alleges that Mr. Washington distributed heroin on December 27, 2011, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Because Count 2 does not contain a sentencing enhancement allegation, it carries only a 20-year maximum prison sentence, with no mandatory minimum.

2. An indictment charging a single offense in multiple counts is multiplicitous. *United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir. 1993). Such an indictment is improper because it subjects the defendant to multiple sentences for the same offense in violation of the

1

Fifth Amendment's Double Jeopardy Clause.  *United States v. Nielson*, 2016 WL 385837, at *5 (4th Cir. Feb. 2, 2016); *United States v. Shrader*, 675 F.3d 300, 313 (4th Cir. 2012).  To determine whether an indictment is multiplicitous, the Court should apply the test set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932)—whether each count charges a crime requiring proof of a fact which the other does not.  *See Nielson*, 2016 WL 385837, at *6 (applying the *Blockburger* test to determine whether an indictment was multiplicitous); *United States v. Chandia*, 514 F.3d 365, 371-72 (4th Cir. 2008) (same).  The indictment against Mr. Washington charges the same offense in two separate counts and is thus multiplicitous.

3. First, both counts in the indictment allege that Mr. Washington violated 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) by distributing heroin on December 27, 2011.  The only distinction between the counts is that Count 1 alleges that death resulted from use of the heroin distributed—a fact the government must allege and prove beyond a reasonable doubt for sentencing purposes.  *See, e.g.*, *Alleyne v. United States*, 133 S. Ct. 2151, 2163-64 (2013).  Otherwise, both counts have identical elements.  In effect, Count 2 is a lesser included offense of Count 1.  Consequently, Counts 1 and 2 fail the *Blockburger* test and are multiplicitous.  *See Nielsen*, 2016 WL 385837, at *6 (explaining that "[a] greater offense and a lesser included offense are the 'same' offense for double jeopardy purposes").

4. Second, both counts in the indictment are based on the same alleged conduct.  According to the criminal complaint filed in this case, on December 27, 2011, Mr. Washington allegedly sold 6 grams of heroin to "Defendant 1."  After allegedly purchasing heroin from Mr. Washington, "Defendant 1" supplied a portion of the heroin to "Victim 1" for her personal use.  The morning after "Victim 1" used the heroin, "Defendant 1" found "Victim 1" dead from an apparent overdose.  There is no allegation in the criminal complaint—or supporting evidence in

the discovery thus far produced in this case—that Mr. Washington allegedly distributed heroin a second time on December 27, 2011.

5. Because the indictment is multiplicitous, the Court should require the government to dismiss one of the two counts in the indictment. *See United States v. Johnson*, 130 F.3d 1420, 1426 (10th Cir. 1997) (explaining the dangers of proceeding to trial on multiplicitous counts and stating that the "decision of whether to require the prosecution to elect between multiplicitous counts before trial is within the discretion of the trial court").

Respectfully submitted,

 /s/ Strider L. Dickson
Strider L. Dickson (Bar No. 27157)
LEVIN & CURLETT LLC
201 N. Charles St., Suite 2000
Baltimore, MD 21201
T: (410) 685-0098
F: (410) 685-2222
sdickson@levincurlett.com

*Counsel for Antoine Washington*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2016 the foregoing was filed with the Court and served on all parties of record via the Court's ECF system.

/s/ Strider L. Dickson
Strider L. Dickson
